**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAHRI XHOLI, | No.    14-72959 |
| Petitioner, | Agency No. A076-707-282 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Fahri Xholi, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his motion to reopen removal proceedings.   Our

jurisdiction is governed by 8 U.S.C. § 1252.   We review for abuse of discretion

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and review de novo due process claims violations, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Xholi's motion to reopen as untimely, where it was filed twelve years after the final order of removal, *see* 8 C.F.R. §1003.2(c)(2), and he failed to establish materially changed country conditions in Albania to overcome the regulatory time limitation for filing a motion to reopen, *see* 8 C.F.R. §1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening). We reject Xholi's contentions that the agency violated his due process rights by ignoring evidence or failing to analyze his claim properly. *See Najmabadi*, 597 F.3d at 991; *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We lack jurisdiction to review the agency's refusal to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**